**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ELAINE HAMILTON, | } | |
| *Plaintiff* | } | |
| v. | } | CIVIL ACTION NO. H-05-0480 |
| | } | |
| HOUSTON INDEPENDENT SCHOOL | } | |
| DISTRICT, ET AL | } | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elaine Hamilton filed the instant case on 11 February 2005 against Defendants Houston Independent School District, Abelardo Saavedra, Linda Llorente, Eva Silva, Arthur Petteway, Veronica Barrera and Laura Alaniz.  Pending before the court are the following motions

- Motion to Dismiss by Defendants Abelardo Saavedra, Linda Llorente, Eva Silva, Arthur Petteway, Veronica Barrera and Laura Alaniz ("the Individual Defendants") (Doc. 9),

- Houston Independent School District's ("HISD") Motion for Summary Judgment on Defense of Statute of Limitations (Doc. 12),

- Defendants' Motion to Strike Exhibits to Plaintiff's "Amended Motion denying Defendants' Motion for Summary Judgment" (Doc. 20),

- Plaintiff's Motion to Censure (Doc. 22),

- Plaintiff's Motion to Compel Production (Doc. 23), and

- Plaintiff's Motion for Settlement Conference Hearing (Doc. 25)

Afer reviewing the pleadings, exhibits and relevant law, the court **ORDERS** that both the Individual Defendants' Motion to Dismiss and HISD's Motion for Summary Judgment are **GRANTED**.

## I. RELEVANT FACTS

On 11 February 2005, Plaintiff *pro se* filed the instant complaint.  The complaint recites Plaintiff's name and the names of the Defendants.  It specifies that Plaintiff received a right to sue letter from the EEOC on 17 November 2004.  Paragraph Six of the form complaint allows the

plaintiff to check off those traits that formed the basis of the alleged discrimination. Hamilton checked off race, color and religion. Notably, plaintiff did not check off retaliation. The complaint goes on to state that plaintiff was terminated and specifies the requested relief. Attached to the complaint are the EEOC right to sue letter, Plaintiff's EEOC complaint, a "Secretary/Clerk Summary Appraisal Form" and a Memorandum from Linda Llorente, Austin High School Principal, requesting a conference with Hamilton to discuss her termination. Plaintiff's EEOC complaint states as follows:

> I.      On January 15, 2004, I filed a charge of discrimination with EEOC (330-2003-04155). On March 9, 2004, a Right To Sue was issued on this case. In early June, I received a letter dated June 3, 2004, from Linda Llorent, Principal requesting that I meet with her regarding an incident that allegedly occurred on May 28, 2004. I was accused of using profanity towards Ms. Silvas, Associate Principal. They claimed this was witnessed by Veronica Barrera, Clerk, and Arthur Petterway, Assistant Principal. On July 7, 2004, my attorney and I met with Clyde Hough, Executive Director of East District Office. Shortly after I received a certified letter from Mr. Hough, dated July 13, 2004, which advised me that my termination had been upheld. I believe that this was in retaliation for filing my EEOC charge of discrimination, in that it occurred just after my 90 days statute of limitation on my right to sue expired. In addition, on May 28, 2004, the day of the alleged incident, I received a "meets requirements" appraisal from Ms. Silvas. I had never been warned or written up during my 13 plus years of employment.

> II.      I believe that I was retaliated against for filing a previous charge of discrimination. This is in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC Complaint (Doc. 1). The Appraisal Form, dated 27 May 2004 and completed by Eva Silva, gives Hamilton an overall rating of "meets requirements." Id. Finally, the memorandum from Linda Llorente recites that she is requesting a conference with Hamilton to discuss her use of profanity towards the Associate Principal and that she intends to recommend Hamilton's dismissal.

**II. LAW**

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted."

Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982).

A court dismisses a complaint under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46(1957). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed. 1990). A plaintiff must, however, assert more than general legal conclusions to avoid dismissal. Jefferson v. Lead Industries Assoc., Inc., 106 F.3d 1245, 1250 (5th Cir. 1997). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1216 at 156-159). Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of fact are not admitted as true. Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir.1992). Second, where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. Kaiser Aluminum, 677 F.2d at 1050.

In considering a Rule 12(b)(6) motion to dismiss a district court may review the pleadings on file, Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000), and matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995). "Pleadings on file" includes "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [its] claim." Collins, 224 F.3d at 498-99.

## III. ANALYSIS

### A. The Individual Defendants' Motion to Dismiss.

The Individual Defendants argue that Hamilton's claims against them should be dismissed because 1) Title VII does not recognize a causes of action against employees in their

individual capacities, and 2) Plaintiff is not entitled to maintain an action against HISD and its employees in their official capacities.  Mot. to Dismiss at 2.    Defendant is right on both counts.  It is well settled in the Fifth Circuit that Title VII does not recognize individual capacity suits against employees. Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999) ("The district court applied settled Fifth Circuit law in holding that employees may not be sued for damages in their individual capacities.").  The Fifth Circuit has also ruled that a plaintiff may not maintain a suit against an employer and its agent under Title VII.  Id. (citing Sims v. Jefferson Downs Racing Assoc., Inc.,778 F.2d 1068 (5th Cir. 1985)).  The logic of this is that, given the vicarious liability built into Title VII, allowing suits against both employers and their agents would effectively lead to corporations being found liable twice.  Id.  Here, Hamilton has sued HISD and its employees; the court therefore orders that the claims against the Individual Defendants are dismissed.

**B. HISD's Motion for Summary Judgment on its Defense of Statute of Limitations.**

HISD moves for summary judgment on its statute of limitations defense.  Title VII requires plaintiffs to initiate their suits with ninety days of receipt of a right to sue letter from the EEOC. See, 42 U.S.C. § 2000e-5(f)(1); Taylor v. Books a Million, Inc., 296 F.3d 376, 380 (5th Cir. 2002); Berry v. CIGNA/RSI-CIGNA, 975 F.2D 1188, 1191 (5th Cir. 1992) ("A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC.").  Additionally, "[T]he scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" contained in the EEOC complaint.  Thomas v. Tex. Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000).  Hamilton filed her case within the statutory period for her second EEOC complaint, which charges only retaliation.  Therefore summary judgment is proper on Plaintiff's race, color and religion claims.

Defendant also urges dismissal of Hamilton's retaliation claim because it was not listed

in paragraph six of her complaint.  Federal Rule of Civil Procedure 8(a) provides that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  As it now stands, Hamilton's complaint does not state a claim for retaliation, and she has made no effort to amend her complaint to state such a claim.

## IV. CONCLUSION

For the aforementioned reasons, the court **ORDERS** that (1) Defendants Abelardo Saavedra, Linda Llorente, Eva Silva, Arthur Petteway, Veronica Barrera and Laura Alaniz's Motion to Dismiss (Doc. 9) is **GRANTED**; and (2) Defendant HISD's Motion for Summary Judgment (Doc. 12) is **GRANTED**.

**SIGNED** at Houston, Texas, this 18th day of January, 2006.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE